UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT O. WATSON, Sr., ) | CASE NO. 1:07 CV 3109 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DAVID BROWN, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On October 10, 2007, plaintiff pro se Robert O. Watson, Sr. filed this in forma pauperis action against Attorneys David Brown and Jerome Emoff. The complaint alleges that Mr. Emoff represented Mr. Watson in a criminal proceeding in the Ohio Court of Common Pleas in which plaintiff originally pled guilty, but subsequently withdrew his plea and then represented himself. It is further alleged that Mr. Brown represented Mr. Watson's co-defendant. Plaintiff indicates Messrs. Emoff and Brown did a poor job representing plaintiff and his co-defendant. Mr. Watson, who represented himself at trial, was convicted in July 2007 of promoting prostitution (2 counts) and compelling prostitution, see cpdocket.cp.cuyahogacounty.us, Case No. CR-06-479471-A, pursuant to a jury verdict. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, a criminal defense attorney who acts in that capacity on behalf of a criminal defendant does not act under color of state law for purposes of a 42 U.S.C. § 1983 action. Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). Further, the allegations set forth in the complaint challenge the validity of plaintiff's conviction and resulting current confinement in a penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Moreover, absent an allegation that plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. Further, the court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: January 16, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.